HENRY B. DAVIS *vs.* INHABITANTS OF CHILMARK & others.

Suffolk.   March 16, 1908. — May 21, 1908.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & SHELDON, JJ.

*School.   Chilmark.   Mandamus.*

At the hearing of a petition for a writ of mandamus commanding the town of Chilmark to provide a sufficient number of schoolhouses, properly furnished and conveniently located, for the accommodation of the petitioner's children, it appeared that at the time of the filing of the petition the petitioner lived with five children on the island of Noman's Land, a part of the respondent town, that there was no schoolhouse on Noman's Land, that the ages of the children were twenty-four, nineteen, seventeen, twelve and four years, that there were no other children on the island who would attend school, that the island was four miles distant from the island of Martha's Vineyard, where the main part of the respondent town was located and where it maintained a sufficient number of schools properly furnished and conveniently located.   For some time previous to the filing of the petition, an arrangement had existed between the petitioner and the school committee, whereby the board and lodging of the petitioner's children of school age on the island of Martha's Vineyard and their transportation to and from there were paid by the town, but, upon the town refusing to pay such expense as to one of the children who became over fourteen years of age, the arrangement was abrogated by the petitioner, who thereupon filed this petition, contending that a school should be maintained on the island of Noman's Land.   *Held*, that the contention could not be sustained and that the petition should be dismissed.

PETITION, filed in the Supreme Judicial Court for the county of Suffolk April 10, 1906, for a writ of mandamus commanding the town of Chilmark " to provide and maintain a sufficient number of schoolhouses, properly furnished and conveniently located for the accommodation of all the children of the peti-

tioner," and commanding the town's school committee " to pro-
cure a suitable place for the schooling of " the petitioner's chil-
dren, " together with fuel and all other things necessary for the
comfort of the pupils therein."

There was a hearing before *Sheldon*, J., at which the follow-
ing facts, besides those stated in the opinion, appeared: The
names of the petitioner's children were John H., age twenty-
four years, Edwin E., age nineteen years, Lina B., age seventeen
years, George A., age twelve years, and Lillian G., age four
years. The town of Chilmark had maintained a school on the
island of Noman's Land for about thirty years previous to 1894,
when the petitioner went there to reside permanently with his
family, though there had been years when the school had been
closed. The school had been conducted in a building which had
been built by public subscription for religious worship, which
building the town had fitted up as a school, and the town had
provided and paid a teacher to conduct said school. In 1894,
when the petitioner moved to Noman's Land with his family, he
requested the town to furnish school accommodations for his chil-
dren. In consequence of his request the town opened a school in
a house which they hired from the petitioner, the schoolhouse
being then out of repair, and provided and paid a teacher to con-
duct said school. During all the period of time during which
the school was maintained on said island of Noman's Land,
namely, from 1895 to 1898, two of the children of the petitioner
attended regularly, and one or two children of fishermen, at that
time resident on the island, also attended. In June, 1898, the
petitioner made a report to the school committee in which he
complained of the lack of progress made by the children. A
meeting of the school committee was held, at which the peti-
tioner was present, and it was agreed that the school should be
closed, and that the town should pay to the petitioner $3 per
week for transportation for each of his two children then of
school age, namely, Edwin, age eleven years, and Lina, age nine
years, and should also pay their tuition in the schools of the
town of West Tisbury. The following year, the petitioner
having secured a suitable place for his children to board in the
town of Chilmark, on the island of Martha's Vineyard, they at-
tended school there, and the petitioner was allowed $5.50 per

week for transportation, having made arrangements for that amount. This arrangement continued until Edwin reached the age of fourteen years, when the school committee notified the petitioner that they would no longer pay transportation for Edwin, because he was over fourteen years of age, but that he might attend school at Chilmark without paying tuition. The petitioner demanded of the school committee that they reopen the Noman's Land school, unless the old arrangement was continued. The committee, in a letter of August 14, 1901, agreed to continue the old arrangement. The petitioner sent two children that year, namely, Lina and George, but did not send Edwin, who was over fourteen years of age. When Lina reached the age of fourteen years the petitioner notified the school committee that he could no longer continue his children at school in Chilmark on account of the lack of suitable boarding places, and the school committee agreed to allow him $3 per week for sixteen weeks, and notify him in due time whether or not they would continue such arrangement at the expiration of the sixteen weeks. The committee, by a letter dated January 11, 1904, notified him that they would after date allow him but $2 per week for each child between the ages of seven and fourteen years, and that the children over fourteen years of age might attend school, but that they would pay nothing for transportation for them. The petitioner declined to accede to this arrangement, and notified the school committee that he would hold them to their old agreement, unless they opened the school on Noman's Land.

Other facts are stated in the opinion.

The single justice dismissed the petition and reported the case for the consideration of the full court.

The case was submitted on briefs.

*W. A. Morse & F. J. Geogan*, for the petitioner.

*C. Mitchell*, for the respondents.

SHELDON, J. The petitioner asks for a writ of mandamus ordering the town of Chilmark to provide a sufficient number of schoolhouses for the accommodation of his children, and ordering the school committee of that town to provide a suitable place for the schooling of his children, together with fuel and all other things necessary for the comfort of the pupils therein.

The petitioner lives with his family on the island of Noman's Land, which is a part of the town of Chilmark, lying about four miles from the island of Martha's Vineyard, upon which the main part of that town is situated. The town maintains no school upon Noman's Land, but has upon the main island a sufficient number of schools properly furnished and conveniently located. The petitioner's contention is that a school should be established on Noman's Land. His family is the only one residing permanently on that island, and his children are the only ones who would attend a school there. He has five children, aged respectively twenty-four, nineteen, seventeen, twelve and four years. He owns the greater part of Noman's Land, and is assessed and pays taxes on property worth about $7,000. He has always resided in Chilmark, and since 1894 on Noman's Land with his family.

Upon these facts, the petitioner's contention cannot be sustained. He has chosen to establish himself and his family upon a small island; only two of his children are under fourteen years of age; and one of these has not yet reached the age at which school attendance is required. He cannot expect the town to furnish and maintain a school for his sole benefit. *Newcomb* v. *Rockport*, 183 Mass. 74.

The situation of the petitioner and his children is doubtless an unfortunate one. The statute requires him to cause at least one of them to attend school. R. L. c. 44, § 1. He pays taxes to the town to a considerable amount. There are no regular means of communication between the island upon which he has fixed his residence and the main island upon which the public schools of the town are situated; and such communication is often difficult and sometimes impossible. Doubtless the peculiar circumstances here existing might appeal to the discretion of the town or of the school committee, and lead them to make such arrangements as might be found to be reasonably practicable, with perhaps some sacrifice also on the part of the petitioner himself, to facilitate the attendance of his children upon the public schools. R. L. c. 25, § 15. *Newcomb* v. *Rockport, ubi supra.* It may be a matter of regret that the parties have not been able either to continue the arrangement which existed prior to January, 1904,

or to make such new arrangement as was then suggested by the school committee. But we can pass only upon the question of law raised by the report.

*Petition dismissed.*